ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Siemens Government Technologies, Inc. | ) ASBCA No. 62806 |
| | ) |
| Under Contract Nos. DE-AM36-09GO29041 | ) |
| NOO No. W912DY-15-R-ES17 | ) |

APPEARANCES FOR THE APPELLANT:

Andy Liu, Esq.
Robert S. Nichols, Esq.
Sam Van Kopp, Esq.
Haaleh Katouzian, Esq.
 Nichols Liu LLP
 Washington, DC

APPEARANCES FOR THE GOVERNMENT:

Michael P. Goodman, Esq.
 Engineer Chief Trial Attorney
Karen L. King Vanek, Esq.
 Engineer Trial Attorney
 U.S. Army Engineer District, Huntsville

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellant, Siemens Government Technologies, Inc. (SGT), requests $2,889,715 in what it says are breach of contract damages, alleging both a written contract and a contract implied-in-fact with the U.S. Army Corps of Engineers (compl. at 3 ¶ 4, 13 ¶ 55, 14). The Army Corps of Engineers moves to dismiss the appeal for lack of jurisdiction, saying it never had a contract with SGT (gov't mot. at 6).

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

Among SGT's allegations are the following:

> The United States Army Engineering and Support Center
> ("CEHNC") solicited *an indefinite-delivery, indefinite-quantity ("IDIQ") Energy Savings Performance Contract ("ESPC")* to improve the energy efficiency of the United
> States Air Force's Spangdahlem Air Base (SAB) located in
> Rheinland-Pfalz, Germany. CEHNC selected Siemens
> Government Technologies, Inc. ("SGT") to produce plans for
> the ESPC project at SAB, to audit SAB's energy efficiencies,

and to assess whether selected Energy Conservation Measures ("ECMs") would constitute a viable ESPC at SAB. Over the course of four years, SGT did this work at the United States Government's ("Government's") direction, incurring $2,889,715 in costs in the process.

Construction projects at NATO facilities in Germany may be subject to an administrative agreement known as Auftragsbautengrundsatze 1975 ("ABG-75"), a component of the Status of Forces Agreement that allows NATO troops to operate on German soil. Under Article 30 of ABG-75, the Government is responsible for coordinating U.S. construction activity with the German government. Thus, CEHNC was responsible for determining, in consultation with the German government, whether ABG-75 applied *to this ESPC contract*.

. . .

However, in this case, the U.S. government 1) failed to timely inform SGT that ABG-75 would apply *to this ESPC contract*; 2) failed to timely decide that it would not request a waiver of ABG-75, as authorized under the agreement; and 3) unreasonably decided not to request a waiver of ABG-75.

. . .

SGT now seeks to recover the value of the developmental work it performed for the Government's benefit and at their direction. The $2,889,715 in costs claimed by SGT are a direct result of the Government's breach of the covenant of good faith and fair dealing, its failure to cooperate and share superior knowledge regarding ABG-75, and the quantum meruit benefiting the Government.

(Compl. at 1-2) (emphases added)

The contracting officer's final decision from which SGT appeals states:

This decision is in reference to the contract awarded to Siemens Government Technologies, Inc. (Siemens) by the Department of Energy (DOE) for Energy Savings

2

Performance Contracts, No. DE-AM 36-09GO29041. Siemens is one of the energy contractors within the DOE set of Multiple Award Task Order Contracts for ESPC work. Siemens was down-selected under the Notice of Opportunity No. W912DY-15-R-ES17 issued on 14 October 2015 to the DOE MATOC holders to develop a preliminary assessment (PA) and an investment grade audit (IGA) for Spangdalhem AFB in Germany. Siemens was selected as the Energy Savings Contractor (ESCO) under that NOO. No task order was awarded to Siemens at the end of that process.

(R4, tab 3 at 14)

## DECISION

Pursuant to 41 U.S.C. § 7105(e)(1)(A) (emphasis added), the Board "has jurisdiction to decide any appeal from a decision of a contracting officer of the Department of Defense, the Department of the Army, the Department of the Navy, the Department of the Air Force, or the National Aeronautics and Space Administration *relative to a contract made by that department or agency*." Jurisdiction under this provision requires no more than a non-frivolous allegation of a contract with the government. *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011). Thus, to establish Board jurisdiction under this provision, an appellant need only allege the existence of a contract. *Elizabeth Constr. Co*., ASBCA No. 60723, 17-1 BCA ¶ 36,839 at 179,519. This bar is low. *Premysler v. United States*, 135 Fed. Cl. 657, 660 (2018).

Based upon the record material quoted above, we conclude that SGT has set forth a non-frivolous allegation of a contract with the government, triggering our jurisdiction under 41 U.S.C. § 7105(e)(1)(A). *Cf. Elizabeth Constr. Co*., 17-1 BCA ¶ 36,839 at 179,519. (granting motion to dismiss for lack of jurisdiction; appellant "[did] not allege that a contract existed between it and the government")"; *Tele-Consultants, Inc.*, ASBCA No. 58129, 13 BCA ¶ 35,234 at 172,994 ("Given [appellant's] contention here that it did indeed directly enter into an implied-in-fact contract with the government respecting the services at issue, we conclude we possess jurisdiction over this claim"). Whether SGT had a contract with the Corps of Engineers is a merits question for another day. *See Engage Learning*, 660 F.3d at 1355.

3

CONCLUSION

The government's motion to dismiss for lack of jurisdiction is denied.

Dated: September 15, 2021

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKELFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MARK A. MELNICK
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62806, Appeal of Siemens Government Technologies, Inc., rendered in conformance with the Board's Charter.

Dated: September 16, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4